UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNA FALCARO,

    Plaintiff,

v.                                                          Case No.:  2:20-cv-327-FtM-38MRM

INTEGON NATIONAL INSURANCE
COMPANY,

    Defendant.
    _____/

## **ORDER**[1]

Before the Court is Defendant Integon National Insurance Company's Motion to Dismiss (Doc. 5). Plaintiff Donna Falcaro never responded. And the time to do so passed. The Court grants the Motion.

This is an insurance dispute.[2] Falcaro filed a one-count complaint—alleging breach of contract. According to Falcaro, an insurance policy covered her Hurricane Irma claim, but Integon refused to pay out in full. The insurance policy at issue is a lender-placed policy (the "Policy"). The named insured on the Policy is Falcaro's mortgage lender (the "Bank"). And the Policy identifies someone named Anthony Saponara as the borrower. Yet Falcaro is not mentioned in the Policy.[3]

Integon moves to dismiss because Falcaro lacks standing. It contends Falcaro is a nonparty and has not pled for relief as a third-party beneficiary. The Court agrees.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts pled in the Complaint (Doc. 3), which the Court accepts as true. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

[3] The Court considers the Policy because it is attached to the Complaint (Doc. 3-1). Fed. R. Civ. P. 10(c).

To have standing, a plaintiff must allege injury, causation, and redressibility. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). For injury, the plaintiff must show defendant "invaded a legally protected interest." *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.* (*NASCAR*), 494 F.3d 1356, 1360 (11th Cir. 2007) (internal quotation marks and citation omitted). Typically, only parties and certain third-party beneficiaries have contractual standing in Florida. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005). Whether a nonparty to a contract has standing to sue "is a matter of state law." *NASCAR*, 494 F.3d at 1360.

The Complaint alleges Falcaro is a party. But the Policy says otherwise. (Doc. 3-1 at 3 ("The contract of insurance is only between the [Bank] and Integon . . . . There is no contract of insurance between [Saponara] and Integon.")). Because the Complaint conflicts with an exhibit, the exhibit controls. *E.g.*, *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). So Falcaro is not a party to the Policy. *Leon v. Integon Nat'l Ins.*, No. 2:18-cv-673-FtM-38CM, 2018 WL 8244494, at *1 (M.D. Fla. Oct. 30, 2018). Because Falcaro is a nonparty, she lacks standing to sue as a named or additional insured. *See Cosme Rivera v. Praetorian Ins.*, No. 8:18-cv-1059-T-23SPF, 2018 WL 7290899, at *1 & n.1 (M.D. Fla. Oct. 1, 2018); *Fawkes v. Balboa Ins.*, No. 8:10-cv-2844-T-30TGW, 2012 WL 527168, at *3-4 (M.D. Fla. Feb. 17, 2012).

While not a party, Falcaro may have an insurable interest and thus standing as a third-party beneficiary. *Leon*, 2018 WL 8244494, at *2; *Conyers v. Balboa Ins.*, 935 F. Supp. 2d 1312, 1316-17 (M.D. Fla. 2013); *Kelly v. Balboa Ins.*, 897 F. Supp. 2d 1262, 1265-66 (M.D. Fla. 2012); *Joseph v. Praetorian Ins.*, No. 17-61237-CIV-DIMITROULEAS, 2017 WL 5634938, at *2-4 (S.D. Fla. Oct. 5, 2017). But as Integon notes, the Complaint

neither asserts that claim nor contains allegations for third-party standing. And Falcaro did not help her cause by never responding.

The Complaint, therefore, fails to allege proper standing. So the Court dismisses with leave to amend.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion to Strike Plaintiff's Demand for Attorney's Fees (Doc. 5) is **GRANTED**.

2. The Complaint (Doc. 3) is **DISMISSED without prejudice**.

3. Plaintiff must **FILE** an amended complaint **on or before June 10, 2020**. **Failure to file a timely amended complaint will result in the Court closing the case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of May, 2020.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record