UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNA FALCARO,

    Plaintiffs,

v.                                                          Case No.:2:20-cv-00327-SPC-MRM

INTEGON NATIONAL
INSURANCE COMPANY,

    Defendant.
_____/

**<u>OPINION AND ORDER</u>**[1]

    Before the Court is Defendant Integon National Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 13). For the following reasons, the Amended Complaint is dismissed without prejudice as a shotgun pleading with leave to amend.

    This is a breach of contract action also pursuing declaratory relief and unjust enrichment. (Doc. 12). Plaintiff Donna Falcaro alleges Integon failed to meet its contractual obligations by partially covering Falcaro's covered loss under an insurance policy.

    Rules 8 and 10 of the Federal Rules of Civil Procedure state the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

to a single set of circumstances." Fed. R. Civ. P. 10(b).  When a plaintiff violates these rules, problems arise for parties and judges; one such problem is a "shotgun pleading." *Moore v. San Carlos Park Fire Prot. & Rescue*, 2:17-CV-546-FTM-99MRM, 2018 WL 490473, at *1 (M.D. Fla. Jan. 19, 2018).  And even if defendant does not address the issue, like here, the Court should raise it sua sponte.  *E.g.*, *Spigot, Inc. v. Hoggatt*, No. 2:18-cv-764-FtM-29NPM, 2020 WL 108905, at *1 (M.D. Fla. Jan. 9, 2020).

The Eleventh Circuit has identified different categories of shotgun pleadings, but the most common type—"by a long shot"—is a multicount complaint where "each count adopts the allegations of all preceding counts."  *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).  Thus, each count piggybacks the previous ones and the last count is a combination of the whole complaint.  *Id.*  This type of complaint fails to give a defendant adequate notice of the claims and the basis for which they are being made.  *Id.* at 1323.

Courts in the Eleventh Circuit "roundly, repeatedly, and consistently condemn[]" shotgun pleadings.  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008).  These pleadings "waste scarce judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Davis*, 516 F.3d at 981-83).  Additionally, when a plaintiff files a shotgun pleading, district courts should require the plaintiff to replead.  *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing the district court for not policing shotgun pleadings).

Here, the Amended Complaint is a typical shotgun pleading. It contains four counts, each of which begins more or less the same: "Plaintiff realleges and incorporates all of the above in support of this count." (Doc. 12 at 2-3, 5, 7). So each successive count carries the allegations from the other counts, and the final count is a combination of the entire Amended Complaint culminating with: "Plaintiff re-alleges and incorporates paragraphs 1-52 stated above in support of this count." (Doc. 12 at 7). This is a shotgun pleading and therefore violates the minimum pleading requirements. *See Kendall v. Boston Scientific Corp.*, No. 6:17-cv-1888-Orl-37GJK, 2017 WL 6042020, at *2 (M.D. Fla. Dec. 6, 2017). Therefore, the Amended Complaint is dismissed without prejudice with leave to amend.[2]

Accordingly, it is now **ORDERED:**

1. The Amended Complaint (Doc. 12) is **DISMISSED without prejudice**.

2. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 13) is **DENIED as moot.**

3. Plaintiff may file a Second Amended Complaint on or before **July 29, 2020**. **Failure to file a timely amended pleading will result in the closing of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of July, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Given this conclusion, it is unnecessary to reach Integon's contentions at this time. Of course, Falcaro may remedy any deficiencies when amending. And Integon may reraise any issues still relevant after repleading.