UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNA FALCARO, as personal representative and heir of the Estate of Anthony Saponarra

    Plaintiff,

v.                                    Case No.: 2:20-cv-327-FtM-38MRM

INTEGON NATIONAL INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Integon National Insurance Company's Motion to Dismiss (Doc. 26) and Plaintiff Donna Falcaro's response in opposition (Doc. 28). The Motion is granted and denied in part.

This is an insurance dispute. The insurance policy is a lender-placed policy (the "Policy"). Falcaro is the representative of Anthony Saponarra's estate. The Policy lists Saponarra as borrower and his mortgage lender as named insured.

Before beginning, the Court notes Integon answered (Doc. 25) before filing the Motion two minutes later. This is enough to deny the Motion as Middle District courts often moot motions to dismiss filed after an answer. *Gaby's Bags, LLC v. Mercari, Inc.*, No. 2:19-cv-785-FtM-38MRM, 2020 WL 495215, at *6 (Jan. 30, 2020) (collecting cases); *see also Kinsworthy v. AIG Prop. Cas. Co.*, No. 2:19-cv-479-FtM-38MRM, 2020 WL

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

4202096, at *1 (M.D. Fla. July 22, 2020). Even so, the Motion challenges standing (a jurisdictional issue), so the Court will decide the matter in four parts.

First, Integon contends Falcaro lacks standing to assert Count 1. It is right. As explained in an earlier Order, Falcaro is not a named or additional insured under the Policy. (Doc. 9 at 2). While Falcaro now explains her relationship to Saponarra, he is also a nonparty. (Doc. 3-1 at 3 ("There is no contract of insurance between [Saponarra] and Integon.")). So Count 1 is dismissed with prejudice.

To be clear, however, the Motion does not attack Count 2, which alleges breach of contract as a third-party beneficiary. At one point, Falcaro says she "is merely seeking enforcement of the provisions of the [Policy] as a third-party beneficiary." (Doc. 28 at 9). Because Count 2 asserts that claim, Falcaro may still pursue relief on this basis.

Second, Integon seeks to dismiss Count 3, which requests a declaration of rights under the Policy, because it does not identify ambiguity and duplicates Count 2. Although the Complaint pleads Count 3 under state law, the Florida Declaratory Judgment Act is procedural; so federal courts analyze such claims under the federal Declaratory Judgment Act. *E.g.*, *Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-cv-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019). Because the parties only make argument under Florida law, the Motion can be denied on that basis alone. *Rock Custom Homes, Inc. v. Am. Zurich Ins.*, No. 2:19-cv-607-FtM-38NPM, 2019 WL 4477819, at *1-2 (M.D. Fla. Sept. 18, 2019).

Even leaving that aside, courts across the Middle District refuse to dismiss these claims for duplicity. *E.g.*, *id.* at *2 (collecting cases). In short, 12(b)(6) motions "only test the validity of a claim, not its redundancy." *E.g.*, *CMR Constr. & Roofing, LLC v. Ace Ins.*

*Co. of the Midwest*, No. 2:19-cv-771-FtM-60MRM, 2020 WL 2307509, at *2 (M.D. Fla. May 8, 2020) (citation omitted).  What is more, the federal Declaratory Judgment Act and Rule 57 permit dec actions even if another remedy is available.  *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015).  As for ambiguity, Falcaro contends her standing under the Policy is unsettled, requiring a declaration of rights.  So the Motion is denied as to Count 3.

Third, Integon looks to dismiss Count 4 (unjust enrichment).  In Florida, unjust enrichment has four elements: "(1) the plaintiff conferred a benefit on the defendant, (2) the defendant had knowledge of the benefit, (3) the defendant accepted or retained the benefit conferred, and (4) the circumstances indicate that it would be inequitable for the defendant to retain the benefit without paying fair value for it."  *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 842 (11th Cir. 2013) (citing *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013)).  Integon argues since there is a valid contract, this claim cannot stand.  *See Zarrella v. Pacific Life Ins.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010).  Yet like Falcaro counters, the enforceability of the Policy and Falcaro's recovery under it is very much in dispute.  What is more, as mentioned above, neither party established an express contract between Falcaro and Integon.  So a motion to dismiss the unjust enrichment claim is premature.  *Fruitstone v. Spartan Race Inc.*, No. 1:20-cv-20836-BLOOM/Louis, 2020 WL 2781614, at *14 (S.D. Fla. May 29, 2020).  And Count 4 alleges all the facts necessary to plausibly support an unjust enrichment claim.  On this basis, therefore, the Motion is denied.

And finally, Integon tries to strike Falcaro's demand for attorney's fees.  A court may strike "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ.

P. 12(f).  To put it mildly, these motions are "disfavored."  *E.g.*, *Allstate Ins. v. Meek*, No. 8:19-cv-1181-T-36CPT, 2020 WL 2114613, at *2 (M.D. Fla. May 4, 2020).   Without expressing any opinion on ultimate entitlement to attorney's fees, the Court refuses to strike the demand at this time.  Most of the precedent Integon cites occurred at summary judgment.  And at least one case Falcaro relies on found a similar issue unclear at that stage.  *Fawkes v. Balboa Ins.*, No. 8:10-cv-2844-T-30TGW, 2012 WL 527168, at *4-5 (M.D. Fla. Feb. 17, 2012).  Given this, the Court will not exercise its discretion to wield the "drastic" remedy of striking a fee demand that works no prejudice to Integon.  *See Meek*, 2020 WL 2114613, at *2 (citation omitted).  The parties may address attorney's fees at a more appropriate time later in the case.

Accordingly, it is now **ORDERED**:

(1) Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Strike Plaintiff's Demand for Attorney's Fees (Doc. 26) is **GRANTED and DENIED in part**.  Count 1 is **DISMISSED with prejudice**.  The balance of the Motion is **DENIED**.

(2) Plaintiff must file an amended complaint **on or before August 27, 2020**. **Failure to file a timely amended complaint will lead to the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of August, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4